UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHU WEI DONG,<br><br>    Petitioner,<br><br>v.<br><br>OSCAR AVILES,<br><br>    Respondent. | Civil Action No. 14-1336 (WJM)<br><br><br>**MEMORANDUM OPINION** |

**MARTINI, District Judge**:

   1.   On February 26, 2014, Shu Wei Dong, a native and citizen of China, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention since February 8, 2013, at Hudson County Correctional Facility in New Jersey by the Department of Homeland Security ("DHS").  He asserts in the Petition that he entered the United States in 2005, and on February 8, 2013, DHS issued a notice to appear for removal and took him into custody. (Petition, ECF No. 1 at 3.)   Attached to the Petition is an application for issuance of an order to show cause wherein Petitioner states without elaboration that "a final order was issue[d] on September 03, 2013."   (Application, ECF No. 1-1 at 1.)

   2.   Petitioner challenges his detention since February 8, 2013, without a bond hearing on the following grounds:   (a) Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because DHS did not take Petitioner into custody when he was released from criminal incarceration; (b) Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he has a substantial challenge to his removal.   (Petition, ECF No. 1 at 11-12.)

   3.   This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his

Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

    4. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this Court has screened the Petition for dismissal. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). For the reasons fully explained below, this Court will summarily dismiss the Petition without prejudice because Petitioner has not alleged facts showing that his custody violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

    5. In Ground One, Petitioner challenges his pre-removal period mandatory detention pursuant to 8 U.S.C. § 1226(c) based on the alleged failure of DHS to take him into custody immediately upon his release from criminal incarceration for an offense listed in § 1226(c). (Petition, First Cause of Action, ECF No. 1 at 11.) Assuming without deciding that Petitioner's order of removal is not final,[1] this Court finds that Petitioner's first ground for habeas relief is foreclosed by *Sylvain v. Attorney General,* 714 F.3d 150 (3d Cir. 2013), wherein the Third Circuit held that DHS retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from criminal custody. This Court will dismiss Petitioner's first ground for habeas relief with prejudice as barred by *Sylvain.*

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *Hakim v. Holder*, 611 F.3d 73, 77 (1st Cir. 2010); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *United States v. Calderon-Minchola*, 351 F. App'x 610, 611 n.1 (3d Cir. 2009).

6. In Ground Two, Petitioner challenges his pre-removal-period mandatory detention pursuant to 8 U.S.C. § 1226(c) on the ground that he "is eligible for Cancellation of Removal for Certain Lawful Permanent Resident[s].  Because Petitioner has a substantial claim that he is not removable, he is not 'deportable' [or 'inadmissible'] within the meaning of § 1226(c), [ ] his mandatory detention is not authorized by that statute."  (Petition, Second Cause of Action, ECF No. 1 at 12.)

7. Petitioner does not plead sufficient facts to support Ground Two.  He concludes that his challenge to removal is "substantial," but he does not plead facts suggesting the way in which his challenge to removal is substantial.  Moreover, although he states that "serious constitutional problems . . .  would b[e] raised if the statute were construed as requiring the mandatory detention of non-citizen[s] with substantial challenges to removal," he does not identify the nature of the significant constitutional problems that would be avoided if this Court were to construe § 1226(c) as excluding from its reach the mandatory detention of a covered alien who claims to have a substantial challenge to his or her removal.  (Petition, ECF No. 1 at 12.)  In the absence of facts supporting his conclusory statements, and in the absence of facts showing that his September 3, 2013, order of removal is not final, Petitioner's pleading of Ground Two is insufficient to avoid summary dismissal of this ground without prejudice.  *See United States v. Thomas,* 221 F.3d 430, 437-38 (3d Cir. 2000) (holding that habeas claim supported by vague and conclusory allegations may be summarily dismissed without further investigation); *see also Mayle v. Felix,* 545 U.S. 644, 649 (2005) (noting that a habeas "petition is expected to state facts that point to a real possibility of constitutional [or legal] error") (citation and internal quotation marks omitted); *McFarland v.*

*Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements.")

 8. As Petitioner does not assert that he appealed his September 3, 2013, removal order, thereby rendering the removal order final, this Court will also consider whether Petitioner's detention is legal under the statute governing post-removal-period immigration detention.

 9. Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). This 90-day removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

 10. If DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).") The

Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. To state a claim for habeas relief pursuant to *Zadvydas,* the alien assert facts showing that he has been detained for more than six months after his order of removal became final, and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Specifically, the *Zadvydas* Court held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

11. Petitioner indicates in his application for an order to show cause that a final order of removal was issued on September 3, 2013. (Application, ECF No. 1-1 at 1.) If that is so, then the six-month presumptively reasonable period of post-removal-period detention began on September 3, 2013, and did not expire until March 3, 2014. However, Petitioner signed his § 2241 Petition on February 26, 2014, before the presumptively reasonable six-month period

expired.  (Petition, ECF No. 1 at 14.)  In addition, he does not provide any facts indicating that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and, in the absence of such a factual showing, *Zadvydas* does not require the government to respond with facts to rebut that showing.  *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . .  Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).  In the absence of facts showing that there is good reason to believe that there is no significant likelihood of Dong's removal in the reasonably foreseeable future, his detention remains authorized by 8 U.S.C. 1231(a)(6).

12.  Petitioner also argues that DHS violated his due process rights by failing to give him a bond hearing.  This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas*, 533 U.S. at 701.[2]

---

[2] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

13. The instant Petition must be dismissed because Petitioner has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

14. The dismissal of the Petition is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts showing either (a) his order of removal is not final and his pre-removal-period detention without a bond hearing has become unreasonably prolonged within the meaning of *Diop v. ICE/Homeland Sec.,* 656 F.3d 221 (3d Cir. 2011), or (b) his order of removal is final, he has been detained for more than six months since his order of removal became final, and there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, *see Zadvydas,* 533 U.S. at 701.[3]

15. An appropriate Order accompanies this Memorandum Opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: March 10, 2014

---

[3] If Petitioner files a new § 2241 Petition, then he would be wise to focus on setting forth facts (rather than citing law) concerning his immigration proceedings, such as the basis for his removal, whether or not he appealed his order of removal to the Board of Immigration Appeals, whether or not he filed a petition for review in the appropriate Court of Appeals, and why he might believe that his removal to China is not reasonably foreseeable.